25CA1401 Peo in Interest of Gregor 10-23-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1401
Pueblo County District Court No. 25MH30064
Honorable Amiel Markenson, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of Joshua Allen Gregor,

Respondent-Appellant.

---

ORDER AFFIRMED

Division V
Opinion by JUDGE PAWAR
Freyre and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 23, 2025

---

Cynthia Mitchell, County Attorney, Kate H. Shafer, Special Assistant County Attorney, Pueblo, Colorado, for Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant

¶ 1     Respondent, Joshua Allen Gregor, appeals the district court order authorizing staff at the Colorado Mental Health Hospital in Pueblo (CMHHIP) to medicate him involuntarily.  We affirm.

## I.     Background

¶ 2     Gregor was admitted to CMHHIP after being found incompetent to stand trial on criminal charges.  According to the affidavit and testimony of Dr. Hareesh Pillai, his treating physician, Gregor has a history of mental illness and was previously admitted to CMHHIP in 2021.  He is currently diagnosed with psychosis — not otherwise specified.

¶ 3     Upon his most recent admission to CMHHIP, Gregor exhibited paranoia, delusions, hallucinations, agitation, pressured speech, and hyper-religious behavior.  He was involuntarily medicated on an emergency basis after he became agitated, made verbal threats, clenched his fists, "postured toward" staff, and refused oral medication.  The State then petitioned for a six-month order permitting the involuntary administration of Seroquel (up to 800 mg daily), Depakote (up to 4000 mg daily), and Zyprexa (up to 40 mg daily only for acute agitation or if Gregor refused oral medications).

¶ 4      At the evidentiary hearing, Dr. Pillai testified that an involuntary medication order was warranted under *Medina* because (1) Gregor is incompetent to effectively participate in treatment decisions; (2) the requested medications are necessary to prevent significant and likely long-term deterioration in his mental health and to prevent the likelihood that he would pose a serious risk of harm to others; (3) no less intrusive treatment alternative is available; and (4) Gregor's prognosis without treatment is so unfavorable that any bona fide and legitimate interest he has in refusing treatment must yield to the State's interests in his health and the safety of others in the institution. *See People v. Medina*, 705 P.2d 961, 973 (Colo. 1985). The district court found Dr. Pillai's testimony credible and persuasive and adopted his opinions.

¶ 5      Gregor also testified, objecting to taking the requested medications because (1) a 600 mg dose of Seroquel makes him tired in the morning; (2) Depakote causes mild fatigue, numbness in his right leg, and slight tremors; and (3) Zyprexa causes joint pain and skin discomfort.

¶ 6      The district court concluded that Dr. Pillai's affidavit and testimony provided clear and convincing evidence for each *Medina*

2

element. It authorized CMHHIP staff to administer all requested medications.

## II. Discussion

¶ 7 On appeal, Gregor challenges only the sufficiency of the evidence regarding the fourth *Medina* element — whether his need for treatment is sufficiently compelling to override his bona fide and legitimate interest in refusing treatment. *See id.* He argues that because the district court found that the State had not presented clear and convincing evidence that treatment was necessary to prevent harm to others, it gave disproportionate weight to the State's interests over his interest in refusing Depakote and Zyprexa. We conclude that the record amply supports the district court's findings and legal conclusion on this element.

### A. Standard of Review and Legal Authority

¶ 8 When a patient challenges the sufficiency of the evidence supporting the district court's findings on any of the *Medina* elements, we review the record as a whole and, viewing it in the light most favorable to the State, determine whether the evidence is sufficient to support the court's decision. *People in Interest of Ramsey*, 2023 COA 95, ¶ 23. We review the court's conclusions of

3

law de novo and defer to its findings of fact if supported by evidence in the record. *People v. Marquardt*, 2016 CO 4, ¶ 8. We also defer to the district court's resolution of evidentiary conflicts and its determinations of witness credibility, the weight of the evidence, and the inferences to be drawn from it. *See People in Interest of R.C.*, 2019 COA 99M, ¶ 7. A physician's testimony alone may constitute clear and convincing evidence. *See People v. Pflugbeil*, 834 P.2d 843, 846-47 (Colo. App. 1992).

¶ 9    In assessing whether a patient's need for treatment is sufficiently compelling to override any legitimate interest in refusal, a court must determine (1) "whether the patient's refusal is bona fide and legitimate" and, if so, (2) "whether the prognosis without treatment is so unfavorable that the patient's personal preference must yield to the legitimate interests of the state in preserving the life and health of the patient placed in its charge and in protecting the safety of those in the institution." *Medina*, 705 P.2d at 974.

B.    Sufficient Evidence of Fourth *Medina* Element

¶ 10    The district court found that (1) Gregor had a bona fide and legitimate interest in refusing medication based on his alleged side effects; and (2) Gregor's prognosis without treatment was so

4

unfavorable that his interest must yield to the State's interests in preserving his health and in protecting the safety of those in CMHHIP. Only the court's second finding is challenged in this appeal. The record provides ample evidence for this finding.

¶ 11 As to the State's interests, Dr. Pillai testified that he remembered Gregor from his 2021 admission to CMHHIP. Drawing on his 2021 and 2025 encounters with Gregor — both on and off medication — Dr. Pillai opined that without medication, Gregor's mental condition would significantly deteriorate, leading to increased delusional thinking, paranoia, agitation, and aggressive behaviors. In his affidavit, admitted at trial, Dr. Pillai explained that when Gregor was off medication or undermedicated, he had screamed, postured, chased after CMHHIP staff, and made violent threats including threatening to "whoop [a peer's] ass" and "to commit a homicide in this bitch." The doctor opined that Gregor needed the requested medications to prevent acute psychotic and manic episodes, loss of control, and threatening behavior.

¶ 12 As to Gregor's interest in refusing medication, Dr. Pillai acknowledged that Gregor's complaints amounted to a bona fide and legitimate basis for refusal. However, he noted that Gregor had

no known underlying health conditions that would be adversely affected by the medications, which he appeared to be tolerating well. Dr. Pillai also noted that such side effects typically resolve over time with continued use of the prescribed medications.

¶ 13 Based on this evidence, the district court found that Gregor's need for treatment outweighed his concerns about side effects and concluded that the State had presented clear and convincing evidence to support the fourth *Medina* element. Because ample evidence supports the district court's findings and conclusion, we perceive no error. *See People in Interest of A.J.L.*, 243 P.3d 244, 255 (Colo. 2010).

## III. Disposition

¶ 14 The order authorizing the involuntary administration of medication is affirmed.

JUDGE FREYRE and JUDGE YUN concur.